474 P.2d 472

Euin TURNER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Robert L. Helms Construction & Development Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 488.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 22, 1970.

Rehearing Denied Oct. 19, 1970. Review Denied Dec. 15, 1970.

Russo, Cox & Dickerson, P. C. by Jerold A. Cartin, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, by Dee-Dee Samet, Tucson, for State Compensation Fund.

JACOBSON, Judge.

This is a "heart case." The award of the Industrial Commission, which petitioner challenges, denied his claim for compensation.

Petitioner, then age 61, suffered a myocardial infarction while he was working at his customary occupation as a "finish blade" operator at a highway intersection construction project on September 4, 1968.[1] Petitioner had been performing this kind of work since 1942. He testified that as far as his work activities were concerned, the day that the attack occurred was "like any other day." It was not an unusually hot day. Petitioner had suffered a relatively minor coronary incident some ten years previous, apparently without any effect on his working habits.

Two physicians testified at the hearing before the Commission. They differed in their views as to whether petitioner's heart attack and resultant disability could be said to have resulted from his industrial activities. Petitioner asserts that the Commission "arbitrarily" accepted the opinion of the respondent's medical witness, which was in substance contrary to petitioner's theory that his work activities materially accelerated the climax of a progressive arteriosclerotic heart condition.

The Commission had the duty of resolving the conflicting expert medical testimony, which duty it performed. It is not for this court to determine the matter anew. A review of the record shows that respondent's witness was well qualified, and that his testimony was at least as consistent as that of petitioner's expert witness.

The facts and circumstances of this case differ in various material respects from those in Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965), Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960), and Romero v. Industrial Commission, 11 Ariz.App. 5, 461 P.2d 181 (1969), relied upon by petitioner.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.

---

1. We are thus concerned with a claim which arose under the statutory law as it existed prior to January 1, 1969.