474 P.2d 474

Jean Constance PERET, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Ramada Tucson Caterers, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

I CA–IC 389.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 23, 1970.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel for the Industrial Commission, Phoenix, for the Industrial Commission.

Robert K. Park, Chief Counsel for the State Compensation Fund, by Dee-Dee Samet, Tucson, for the State Compensation Fund.

JACOBSON, Judge.

We are again, in this review of an award by the Industrial Commission, called upon to decide whether an award based upon conflicting medical testimony is sustainable.

On January 21, 1968,[1] petitioner, JEAN CONSTANCE PERET, slipped and fell while performing her duties as a waitress for Ramada Tucson Caterers, Inc. As a result of this fall she received surgery on her left knee which resulted in a determination by the Commission that petitioner had a 15 percent permanent loss of function of her left leg and awarded compensation on the basis of a scheduled injury under A.R.S. § 23–1044, subsec. B.

---

1. This case is decided under the law as it existed prior to January 1, 1969.

Petitioner suffers from a degenerative arthritic condition in both knees which existed prior to petitioner's industrially related accident.

■ Petitioner's sole contention before the commission and in her briefs before this court is that the accident of January 21, 1968, also resulted in permanent disability of her right knee and that therefore she is entitled to compensation based upon an unscheduled injury under the provisions of § 23–1044, subsec. C. In order to sustain this position, petitioner has the burden of showing that the present condition of the right knee was the result of or aggravated by the industrial accident, and not as the State Compensation Fund contends, the result of her pre-existing arthritic condition.

■ This court's voice has become hoarse through the repeated use of the legal maxim that when the causal connection between an industrially related accident and a physical disability is peculiarly within the knowledge of the medical profession, this court will not substitute its opinion for that of the Industrial Commission where the commission has reached its determination based upon conflicting medical opinions as to this causal connection.

■ Petitioner's attending physician testified that in his opinion, her right knee was not aggravated by the industrial accident and that the only result of the accident was a 15 percent impairment of the left leg. Petitioner's expert testified to the contrary as to the physical disability in her right knee.

We find the commission's award was reasonably supported by the evidence.

■ At the time of oral argument petitioner further contended that if the industrially related accident worked upon and affected the pre-existing arthritic condition in the right knee, then even if the right knee problem was not industrially related, the injury should have been treated as an unscheduled injury. The evidence presented, however, does not sustain petitioner's allegations that the injury to the left knee in any manner aggravated the pre-existing condition in the right knee. Nor is there any evidence to show that the pre-existing arthritic condition to the right knee resulted in a disability, that is, loss of earning capacity, at the time of the industrially related accident to the left knee. See Wollum v. Ind. Comm., 100 Ariz. 317, 414 P.2d 137 (1966).

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.