479 P.2d 427

**Strauder O'NEAL, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Clair S. Ornburg, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 484.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 20, 1971.

Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund, Tucson, by Dee-Dee Samet, Phoenix.

JACOBSON, Presiding Judge.

Several procedural problems are presented in this review of an award of the Industrial Commission denying petitioner's myocardial infarction claim.

The first of these deals with the evidentiary sources set forth in petitioner's opening brief. On July 19, 1967, petitioner suffered a heart attack for which he subsequently sought compensation. His claim was assigned the number BE–32134 by the Industrial Commission. Various hearings were held in connection with this claim at which medical testimony was adduced. On March 27, 1968, petitioner suffered another heart attack for which he also claimed compensation and this claim was assigned number BG 58602. Petitioner at a hearing in connection with the second claim, presented medical testimony that the first heart attack was industrially related to bolster his contention that the second heart attack was also industrially related. Petitioner's counsel in a memorandum dated March 6, 1970, requested that judicial notice of this testimony be taken by the Commission in support of his position under Claim No. BE–32134 (the first heart attack claim). In petitioner's opening brief be-

fore this court he refers to this evidence taken in the second heart attack claim case in support of his position that the award of the Commission was not supported by the evidence. Respondent State Compensation Fund, moved to strike this evidence. We believe their motion to be well taken. In making its determinations, this appellate court may only review the evidence which was before the Commission. Continental Cas. Co. v. Industrial Commission, 104 Ariz. 499, 455 P.2d 977 (1969). This court does not determine factual issues anew. Turner v. Industrial Commission, 13 Ariz. App. 113, 474 P.2d 472 (1970). We have no way of knowing what effect if any, this additional evidence obtained under another claim would have had on the Commission's award, if the Commission had considered it. Respondent's motion to strike is granted.

The second procedural problem raised by petitioner is the failure of the Commission to grant petitioner an additional hearing, after entry of the award and upon his motion for rehearing. Petitioner's position seems to be that he is entitled as a matter of right to a hearing following an award where the order denying his motion for rehearing did not restate the terms of the original award. Counsel has not cited to us any cases directly in point on this alleged absolute right of a hearing following an award.

As indicated, petitioner's first heart attack was sustained on July 19, 1967. Pursuant to petitioner's claim a hearing was held on November 30, 1967, in Tucson, Arizona. Additional hearings were held on October 7, 1968, in Tucson, on October 11, 1968, in Phoenix, Arizona, and on March 24, 1969, again in Tucson. Petitioner was given the opportunity to present medical testimony in support of his claim and he did so.

■ The Commission entered its award on August 1, 1969, denying compensation. Petitioner then timely made a request for rehearing in which he in general took issue with the award, but did not disclose in what particulars the award was not supported by the evidence nor the nature and substance of any new evidence he wished to present. Moreover, there was no showing made why such evidence could not have been presented at any of the four hearings previously held. The referee's recommendation to the Commission (quoted in petitioner's opening brief) adequately advised the Commission on the grounds on which the recommendation was made and that the initial award of August 7, 1969, should stand. The failure, if such be a failure, of the Commission to restate the terms of the August, 1969, award in its order denying petitioner's petition for rehearing, did not mislead or prejudice petitioner and we hold this failure alone does not entitle petitioner as a matter of right to an additional hearing before the Commission. Under the circumstances of this case we do not believe the Commission has abused its discretion in denying petitioner's motion for rehearing. Sanchez v. Industrial Commission, 13 Ariz.App. 82, 474 P.2d 441 (1970); cf. Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352 (1960).

■ This then brings us to the factual basis underlying petitioner's claim. The petitioner at the time of his first heart attack was 49 years old and employed as a construction supervisor. He had worked for the respondent employer since 1959 when first hired as a finish carpenter. Since 1962, he had been employed as a supervisor and foreman. However, in April, 1967, due to a cutback in the labor force, the petitioner was required to do general labor and carpentry work. At the time of his heart attack, his employer was engaged in construction of apartments for retired persons. Apparently these individuals were difficult to deal with and in particular one woman customer continually demanded changes in already completed work. The difficulties with this particular customer included telephone calls to petitioner's home at night which made it difficult for him to sleep.

On the day of the heart attack, the petitioner appeared at work at his usual time and commenced his usual activities. During the day, the bothersome woman customer required an additional change in work that the petitioner had already completed. After advising her that he would not make the requested change immediately, complaining of illness, he returned to the task at hand and then he slumped over as a result of a heart attack. The petitioner suffers from arterial sclerosis.

Medical testimony concerning the causal connection between petitioner's work and the resulting heart attack was conflicting. Petitioner contends that in fact this medical testimony is not conflicting because the doctors comprising the Cardio Vascular Advisory Board, whose testimony indicated non-compensability, did not take into consideration the emotional strain placed upon the petitioner in reaching their determination and it 'is contended that this factor makes the causal connection between work and heart attack.

This contention is based upon the testimony of one member doctor of the board who used the plural pronoun "we" in a negative answer to a question put to him as to whether consideration was given to the emotional strain factor.

However, a reading of the transcript reveals that one doctor, testifying adversely to petitioner's position, did in fact consider the emotional strain placed on petitioner in reaching his conclusion that the heart attack was non-work related. Thus the medical conflict still exists.

We have repeatedly held that where the causal connection between work and injury is peculiarly in the knowledge of the medical profession, we will not disturb the findings of the Commission based upon conflicting medical evidence of causation. Peret v. Industrial Commission, 13 Ariz.App. 115, 474 P.2d 474 (1970).

Award affirmed.

HAIRE, and EUBANK, JJ., concur.