483 P.2d 591

Clinton H. KREGER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Hamilton & Hood, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 423.

Court of Appeals of Arizona, Division 1, Department B.

April 13, 1971.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent Carrier.

JACOBSON, Presiding Judge:

The principal issue presented on this review by certiorari of an award of The Industrial Commission is whether sufficient medical evidence exists in the record which would support the Commission's award.

Petitioner sustained an industrially-related back injury on April 3, 1967, which was accepted for workmen's compensation benefits. Petitioner continued working for approximately two months, until June 8, 1967, when he went to see Dr. John F. Stanley in Yuma, Arizona. Dr. Stanley diagnosed his condition as a sprain of the lumbar spine which would not affect petitioner's ability to perform the same work he was engaged in at the time of accident. Dr. Stanley's x-ray diagnosis disclosed petitioner's preexisting condition of spina bifida and first degree spondylolisthesis.

In July of 1967, petitioner was sent by Dr. Stanley to an orthopedic specialist, Dr. Ronald S. Haines, of Phoenix. Dr. Haines found claimant to have sprained his back and found him to have the underlying preexisting condition of grade one spondylolisthesis and spina bifida.

Petitioner suffered another accident on October 4, 1967, which proved to be non-industrially-compensable and is, consequently, not significant to this appeal.

On November 28, 1967, Dr. Haines again examined petitioner, and found no symptoms referable to the injury of April 3, 1967, recommending discharge from that injury without impairment of function.

Based upon this report the Commission awarded petitioner accident benefits to February 7, 1968, and found that petitioner

**360**

was not disabled for work in excess of seven days. This award was timely protested and hearings were held culminating in the January 23, 1970, decision upon Rehearing and Final Findings and Award which affirmed the previous award denying petitioner compensation benefits.

As we have stated on numerous occasions, where the causal connection between an industrially-related accident and an alleged disability is peculiarly within the knowledge of the medical profession, this Court will not substitute its opinion for that of The Industrial Commission where the Commission has reached its determinations based upon conflicting medical opinions as to the causal connection. Peret v. Industrial Commission, 13 Ariz. App. 115, 474 P.2d 474 (1970); Zaragoza v. Industrial Commission, 8 Ariz.App. 236, 445 P.2d 184 (1968).

We see no reason to recite here the medical testimony which our review of the record clearly shows to be in conflict on the point in question. We therefore hold that the Commission's award was reasonably supported by the evidence in the record.

The award is affirmed.

HAIRE and EUBANK, JJ., concur.