484 P.2d 634

Daniel J. CONDON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

County of Maricopa, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 417.

Court of Appeals of Arizona,
Division 1,
Department B.

May 10, 1971.

Rehearing Denied June 7, 1971.
Review Granted Sept. 21, 1971.

John S. Schaper, Phoenix, for petitioner.

William C. Wahl, Jr., The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

We are asked to determine whether a hearing officer abused his discretion in granting an additional hearing which produced evidence which is in support of the Commission's award finding the petitioner's claim to be non-compensable.

In February, 1968, the petitioner, Dr. Daniel J. Condon, was employed by the County of Maricopa as medical examiner. In connection with that employment, Dr. Condon was attending a meeting of the National Association of Medical Examiners and the American Academy of Forensic Sciences held in Chicago, Illinois. On February 27, 1968, Dr. Condon and his wife boarded TWA flight No. 127 in Chicago for the return trip to Phoenix, Arizona. Approximately 15 to 20 minutes after takeoff, Dr. Condon collapsed in his seat. An emergency landing was made in Kansas City, Missouri, and Dr. Condon was rushed to a hospital.

Dr. Condon now suffers from limited motor action and speech difficulties. It was Dr. Condon's contention both before the Commission and this Court, that he suffered from dysbarism and aero-embo-

lism. These particular terms refer to the symptoms experienced by an individual due to rapid change in barometric pressure, such as a rapid ascent or descent in an aircraft. It is further contended that these symptoms were caused by the flight from Chicago while Dr. Condon was in the course of his employment and therefore such symptoms and the resulting physical disability are compensable under Workmen's Compensation laws.

On the other hand, the Fund contends that Dr. Condon's condition is the result of a basilar artery disease caused by an arterial sclerotic condition which caused blockage of blood to the brain. In other words, it is the Fund's contention that Dr. Condon's condition is the result of a non-work-related preexisting physical condition.

The Industrial Commission first received reports of the injury from Dr. Condon in June of 1968. In July, 1968, the Fund requested information from TWA which would indicate the cabin pressures while the petitioner was aboard its Flight 127. This request was answered on September 24, 1968, with a perfunctory letter indicating no malfunction of the pressurization system aboard Flight 127 had occurred.

On September 30, 1968, the Commission issued an award denying compensation, which award was duly protested and a hearing set for February 27, 1969. At the time of the first hearing Dr. L. D. Beck, a specialist in aviation medicine, opined that no recognized condition other than dysbarism could account for Dr. Condon's symptoms. Dr. John Eisenbeiss, while not an expert in air-embolism and who could neither affirm nor negate the diagnosis of dysbarism, was of the opinion that Dr. Condon had experienced an episode of basilar artery blockage. At the time of this hearing, neither party had any evidence as to the actual pressurization figures for Flight 127 upon which medical opinion could be based.

At the request of petitioner, an additional hearing was scheduled in order to obtain the testimony of Dr. Maier Tuchler. This hearing was set for May 21, 1969, with a specific request from petitioner's attorney that this be the final hearing in this matter. In April and June of 1969 counsel for the Fund attempted, through TWA's local counsel, to obtain the pressurization figures from the airline. These were not available at the time of the second hearing and were not received until August of 1969.

After their receipt, these figures together with the entire file, which included the testimony of Drs. Beck, Condon and Tuchler, were sent to Dr. E. M. Roth, an expert in aero-space medicine and a member of the NASA Advisory Committee on Biotechnology, for a file review. Dr. Roth, after a review of the entire file including the data received from TWA, was of the opinion that Dr. Condon's cerebral vascular accident was not caused or precipitated by his presence on TWA Flight 127, but was caused by a preexisting physical condition.

The Fund requested an additional hearing to obtain Dr. Roth's testimony. This request was granted and a third hearing was held on October 14, 1969. It is the granting of this last hearing that petitioner claims constituted an abuse of discretion.

■ This court has held that the granting or denying of additional hearings by the Commission is purely a matter of discretion which will not be disturbed on appeal unless an abuse has been shown. O'Neal v. Industrial Commission, 13 Ariz. App. 550, 479 P.2d 427 (1971).

■ In this case involving rather unusual medical problems we do not believe such an abuse has been shown. Here, petitioner's theory of compensability rested entirely upon a supposed change in barometric pressure in an airplane. While medical opinion might differ as to whether petitioner's symptoms were a result of this barometric change, the actual occurrence of a rapid pressure change remains fundamental to petitioner's theory of compensability. It appears that the Fund attempted to obtain this information as early as one

month following receipt of the injury report and continued to make efforts to obtain this information for approximately one year thereafter. The failure of the Fund to obtain this information earlier can as easily be attributed to a reluctance on the part of TWA to divulge the information as it can to a lack of diligence on the part of the Fund. For this reason and due to the paramount importance of this information in making a correct diagnosis of Dr. Condon's condition, we do not find an abuse of discretion in granting an additional hearing to obtain testimony based upon this information.

Petitioner's second contention before this court deals with the question of whether or not the Commission's award was sustainable on the state of the medical testimony if Dr. Roth's testimony were excluded. Having determined that the Commission could properly consider Dr. Roth's testimony, we need not answer this question.

Award affirmed.

HAIRE and EUBANK, JJ., concur.