470 P.2d 720

Joseph L. WALKER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

New State Electric Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 263.

Court of Appeals of Arizona, Division 1, Department A.

June 22, 1970.

Rehearing Denied Aug. 17, 1970.

Review Denied Oct. 20, 1970.

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission of Arizona issued January 29, 1969, entitled "Decision Upon Hearing and Order Affirming Commission's Decision" which denied the petitioner's request for a reopening of his claim on the basis of new, additional, and previously undiscovered disabilities.

The rule is well established in Arizona that on a petition and application for readjustment or reopening of a workmen's compensation claim, the claimant has the burden of proof. Dabbs v. Industrial Commission, 2 Ariz.App. 598, 411 P.2d 36 (1966); Bierman v. Industrial Commission, 2 Ariz.App. 548, 410 P.2d 666 (1966); Elliott v. Industrial Commission, 4 Ariz.App. 181, 418 P.2d 611 (1966).

We have made a thorough examination of the record in this matter and it is the opinion of this Court that the petitioner failed to sustain his burden of proof. The petitioner urges that the Commission abused its discretion in not exploring the recommendation of a physician, given in testimony at a hearing, for a further test which might cast light upon the cause of the petitioner's complaints. The Supreme Court has said:

"* * * [I]t is the duty of a claimant to present evidence to the commission which will sustain the burden of proof which the law places upon him, and that the commission is under no obligation of procuring and paying for extra medical testimony merely because, in the opinion of the petitioner, it might throw further light on the case. (citation omitted). * * * Egelston v. Industrial Commission, 52 Ariz. 276, 80 P.2d 689 (1938).

The petitioner also urges that he was denied his "day in court" by the failure of the referee to grant a continuance so that he might procure additional medical testimony. The hearing in question was held on June 11, 1968. The referee sent a written notice on March 22, 1968, asking counsel to submit requests for subpoenas prior to May 28, 1968. In our opinion the time limit specified in this request was rea-

sonable. The attorney for the petitioner did not submit his request for subpoenas until June 6, 1968, five days prior to the hearing. The subpoenas were issued to the attorney to be served personally by him, and the two doctors named in the subpoenas did not appear to testify. Again, the burden of proof is on the petitioner.

 The last issue urged by petitioner is that he was prejudiced when the referee issued his referee's report twenty-nine days after the hearing, when he had stated at the close of the hearing that he would allow thirty days for either counsel to obtain and submit reports from the Veteran's Administration Hospital in Cleveland, Ohio, with regard to the petitioner's physical condition. The petitioner's counsel made no attempt to obtain such reports, and although an attempt was made by the Commission counsel, no reply had been received by the thirtieth day, and in fact none was received until the month of October, 1968. The error, if any, was harmless.

The award is affirmed.

STEVENS and CAMERON, JJ., concur.