474 P.2d 441

Mauro S. SANCHEZ, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Montgomery Ward & Company, Inc., Respondent Employer,

Montgomery Ward & Company, Inc., Respondent Insurance Carrier.

No. I CA–IC 412.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 22, 1970.

Lawrence Ollason and Gilbert Gonzalez, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Estes, Browning & Zlaket, by William D. Browning, Tucson, for respondent Employer and Insurance Carrier.

JACOBSON, Judge.

This case is before the court to review an award of the Industrial Commission issued January 12, 1970, for temporary disability compensation, finding that the petitioner had no permanent physical or mental disability attributable to his industrial accident.[1]

The petitioner raises vigorous objections to a second hearing which was convened at the request of the respondent employer for the purpose of introducing additional psychiatric testimony which respondent claims was necessary because of surprise and to cross examine petitioner's expert from hospital records, not available at the first hearing, upon which petitioner's expert based his opinion. The court notes that the original hearing was adjourned by the referee with a statement that future hearings might be necessary. This is a normal practice before the Commission, with continuances frequently being granted at the request of the injured workmen, the employer and the insurance carrier. The granting of a continuance by the referee is in our opinion a discretionary act and as in the case of most discretionary acts, a showing of an abuse of discretion is required before it will be overturned. Because of the informal nature of the proceedings before the Commission, continuances for the purpose of allowing the parties to adequately prepare and submit evidence of their respective positions to the Commission should be freely granted as long as such continuances are not used for dilatory purposes. There is no evidence here that the continuance sought by respondent and granted was in any manner

1. This case was decided under the statutes as they existed prior to January 1, 1969.

'dilatory in nature or that the referee abused his discretion in allowing the continuance.

The petitioner next urges that the award is not reasonably supported by the evidence. We have examined the record and find that, contrary to petitioner's position, the Commission could not reasonably have come to any other conclusion than it did.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.