482 P.2d 482

**Floyd L. SCOGGINS, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Waste Control of Arizona, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**I CA–IC 491.**

Court of Appeals of Arizona, Division 1, Department A.

March 22, 1971.

Rehearing Denied April 19, 1971.

Review Denied May 19, 1971.

Robert K. Corbin, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, Courtney L. Varner, Phoenix, for State Compensation Fund.

CASE, Judge.

This matter is before us by Writ of Certiorari to review the lawfulness of a decision upon hearing and findings and award for noncompensable claim entered by the Industrial Commission.

The petitioner, a 45-year-old man, suffered a myocardial infarction on December 20, 1968. At the time of his injury he was employed as a truck driver and trash handler for respondent Waste Control of Arizona.

His duties required him to drive a truck and to assist his two helpers to dump trash therein along a lengthy route. Although he had been employed by respondent Waste Control for only three years prior to his accident, he had had similar employment for some fifteen years.

On the day of the injury he arrived at work at 12:30 a. m. He made some fifty or sixty stops before arriving at Diamond's department store at Thomas Mall in Phoenix. He had to wait for half an hour for the watchman to open up so that they could begin to load the trash. The amount of trash was heavier due to the holiday season and required him to work more rapidly. The evidence indicated that he had "worked up a sweat" at Diamond's which had not occurred on any previous stop.

After he had been working for thirty or forty minutes, he felt a sharp pain in his chest. He was taken to the hospital where he remained for some twenty-one days under the care of Dr. Lewis Katz. Dr. Katz called in a heart specialist, Dr. Herschel M. Richter, for consultation. Both doctors diagnosed his injury as a myocardial infarction.

After several hearings at which both doctors testified, the Commission found that petitioner was not entitled to compensation and this appeal followed.

QUESTION: IS THE AWARD REASONABLY SUPPORTED BY THE EVIDENCE?

We have repeatedly stated that upon review of an award by the Industrial Commission we consider the evidence in the light most favorable to sustaining the Commission's award. Dunham v. Industrial Commission, 4 Ariz.App. 575, 422 P.2d 406 (1967). Where the medical evidence is conflicting, it is the duty of the Commission to resolve the conflict and if there is any evidence to sustain the findings of the Commission, those findings are conclusive and are binding upon this Court. However,

this does not compel us to accept a determination by the Commission that there is a conflict in the evidence.

In the case *sub judice*, Dr. Katz testified that in his opinion the trauma, i. e., the lifting of the trash container at Diamond's, caused the heart attack. Dr. Richter testified that petitioner's heart attack was caused by a clogging of the vessels, closing the vein, and that the actual cause of his infarction was a lack of blood to the heart. However, on cross-examination Dr. Richter testified that the physical exertion would contribute to the heart attack and that it may possibly have accelerated it.

In the case of Thiel v. Industrial Commission, 1 Ariz.App. 445, 447, 404 P.2d 711, 713 (1965), we stated:

"It is not the duty of the respondent Industrial Commission to find that the employment conditions of the deceased were *THE* cause of the two 'heart attacks', but merely that the conditions of employment were *A* cause.

'Where a worker died from a heart attack, if his activity on the job precipitated the heart attack, or accelerated death, the petitioner meets the burden of proving the causal connection between his employment and the decedent's death. In Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759, this court held:

"*Second*, an industrial injury need not be the *sole* cause of death, in order to entitle decedent's dependents to death benefits, as long as it appears that the injury contributed to and accelerated the inevitable."' (emphasis theirs)

"Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 at 564 (1965)."

 We find no conflict in the evidence. For the foregoing reasons the award is set aside.

STEVENS, P. J., and DONOFRIO, J., concur.