483 P.2d 601

Teddy L. BINGHAM, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Edwin L. Coleman (Custom Dry Wall), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 473.

Court of Appeals of Arizona, Division 1, Department B.

April 8, 1971.

Rehearing Denied May 5, 1971.

Review Denied June 1, 1971.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, The Industrial Comm. of Ariz., for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by R. Kent Klein, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

The only question presented in this review by certiorari of an award of The Industrial Commission was whether petitioner was entitled to an additional hearing.

Petitioner was injured in an industrially-related accident on April 13, 1968,[1] which was accepted for workmen's compensation benefits. Medical benefits and compensation were paid to petitioner until the Commission entered Findings and Award for Temporary Disability on June 6, 1969, terminating compensation as of December 30, 1968. Petitioner timely protested this award and requested a hearing which was set for December 1, 1969. Notice of this

hearing was given petitioner and his attorney on August 29, 1969, some three months prior to the proposed hearing date. This notice contained the language that "subpoenas for attendance of witnesses will be provided upon compliance of Rule 35, and where request for same is made at least seven days prior to hearing."

On November 26, 1969, five days prior to the hearing, petitioner's attorney requested the issuance of a subpoena for the appearance of Dr. John H. Jarvis. Dr. Jarvis had previously issued his report concerning the petitioner which stated in part:

"While Mr. Bingham continued to claim that his headache, which he accounted to his industrial injury, remained, I did not regard the complaint as validly connected to his industrial injury. I regard the complaint as psychogenic with the strong possibility of malingering."

On the day of the hearing, a request was made by petitioner's attorney that subpoenas be issued to three other doctors, including a Dr. Eisenbeiss, who had participated in the group consultation which recommended that petitioner could return to his normal work and he had no need for further medical treatment. Dr. Jarvis, though served with a subpoena, did not appear at the hearing. Dr. Eisenbeiss, who was present at the Commission office in connection with some other hearing, did appear and testify. The other two doctors were not served and did not appear.

On December 12, 1969, the hearing officer issued his report which among other things found that the evidence did not establish that petitioner was presently suffering from any mental or physical disability causally connected to his industrial injury. No objections to this report were made and on January 30, 1970, the Commission entered its decision in essence ratifying the hearing officer's findings. It was not until April 22, 1970, that petitioner's attorney filed an affidavit stating that the hearing officer had agreed at the conclusion of the

1. This case is decided under the law as it existed prior to January 1, 1969.

December 1, 1969, hearing to grant petitioner an additional hearing to obtain the missing doctor's testimony. Such an agreement was apparently "off the record" and the hearing officer had no independent recollection of such an agreement. In such a case, we are restricted to the official record which fails to reveal any request for additional hearings.

The petitioner's only claim here is that he has not had his day in court. This identical argument under strikingly similar circumstances, was made and rejected in Walker v. Industrial Commission, 12 Ariz. App. 400, 470 P.2d 720 (1970). We need only add, that under the circumstances involved here, the Commission did not abuse its discretion in denying petitioner's request for an additional hearing. O'Neal v. Industrial Commission, 13 Ariz.App. 550, 479 P.2d 427 (1971); Sanchez v. Industrial Commission, 13 Ariz.App. 82, 474 P.2d 441 (1970); cf. Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352 (1960).

Award affirmed.

HAIRE, and EUBANK, JJ., concur.