486 P.2d 831

Wilbur L. WILLIAMS, Sr., Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Fisher Enterprises, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 441.

Court of Appeals of Arizona,
Division 1,
Department A.

July 6, 1971.

Rehearing Denied Oct. 1, 1971.

Review Denied Nov. 9, 1971.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Cecil A. Edwards, Jr., Phoenix, for respondent Carrier and Respondent Employer.

STEVENS, Presiding Judge.

The basic issue before the Court is whether The Industrial Commission of Arizona abused its discretion in failing to follow the recommendation of one of the doctors who urged that a medical consultation board be convened. This case is governed by the law as it existed prior to 1 January 1969, and all citations to the Arizona Revised Statutes and to The Industrial Commission rules will be to the pre-1969 versions thereof.

On 21 August 1968 Wilbur L. Williams, Sr., hereinafter referred to as the petitioner, injured his neck in an industrial accident. He was then 59 years of age. On

27 August 1968 X rays were taken and the conclusion stated in the X-ray report is as follows:

"CONCLUSIONS: Moderately advanced degenerative osteoarthritis of the cervical spine with narrowing of disc spaces from C–3 to C–7.

"Early degenerative arthritis of the upper dorsal spine."

The petitioner was placed under the care of Carlos C. Craig, M. D. Dr. Craig called Dr. Frank J. DePaoli, M. D., for consultation. The petitioner was hospitalized and treated by two physicians who were specialists in physical medicine.

There were additional X-ray studies made on 23 September 1968 and 18 December 1968 which disclosed no appreciable change from the August 1968 X-rays.

On 14 March 1969 Abraham Ettleson, M. D., a specialist in neurology and neurosurgery, examined the petitioner. His report concludes as follows:

"X-rays reveal flattening of the cervical spine in the neutral views, but good flexion. The extension view shows some limitation. There are arthritic changes, with apparent slight narrowing of the interspaces and of the intervertebral foraminae below the second and third cervical segments.

"DIAGNOSIS OF PRESENT CONDITION:

"Osteoarthritis of cervical spine, but without evidences of nerve root involvement on clinical examination.

"REGARDING WORKING ABILITY:

"From a neurological standpoint, there is no impairment. Condition is stationary.

"RECOMMENDATIONS FOR FURTHER MEDICAL TREATMENT:

"None."

There were further examinations by Dr. DePaoli in September 1969. The doctor reported:

"Repeat x-rays of the cervical spine reveal no significant change since previous films of December 19, 1968.

"The EMG of the right upper extremity reveals areas of multiple nerve root involvement.

"IMPRESSION: Nerve root irritation secondary to osteoarthritis versus industrial injury of August 1968.

"COMMENTS: This man has continuity of symptoms since the time of the accident which would make this attributable to the industrial accident in question. However, he has wide-spread osteoarthritis of the cervical spine with the EMG showing multiple nerve roots being involved, making this the source of his complaints and not necessarily attributable to the accident.

"I feel this case should be by having a group consultation."

This report was filed with The Industrial Commission and is to be considered "in evidence" pursuant to Commission Rule 29.

There were other medical reports in The Industrial Commission file which expressed the opinion that the petitioner's condition was stationary and that there was no residual physical functional impairment causally related to the industrial accident.

There was one formal hearing which was held on 3 December 1969 at which Dr. Craig, Dr. Ettleson and the petitioner testified. The sum of the doctors' testimony was that there was no residual physical impairment of the petitioner which bore a causal relationship to the industrial accident. Dr. Craig stated that he entertained no opposition to a medical consultation, and further expressed the opinion that he saw no real value in convening a board of medical consultants.

At the hearing the petitioner urged, and he now urges, that the Commission failed to perform its responsibilities in relation to the petitioner when the Commission failed to follow the recommendation that a medical consultation board be convened. The

Fund urges that it has no duty to bear this expense and that the petitioner has not borne his burden of proof relative to establishing his right to a permanent award.

■ We recognize that before an injured workman may recover, the evidence must predominate in his favor. We recognize that where there is a conflict the responsibility of resolving that conflict rests with the Commission. It is our opinion that the "burden of proof" concept in relation to an injured workman's responsibility must be viewed from the point of view of the preponderance of the evidence. At least in the pre-1969 situations, a great majority of the claims were decided upon evidence which was gathered by the Commission or, after the Fund was separated from the Commission, by the Fund. In Lewis v. the Industrial Commission of Arizona, 2 Ariz.App. 522, 410 P.2d 144 (1966), we stated:

> "On appeal, by writ of certiorari, this Court can only affirm or set aside the award of the Industrial Commission. We recognize that the injured workman has the burden of proof in relation to establishing that he is entitled to compensation. At the same time, proceedings before the Industrial Commission are not truly adversary proceedings. Certainly there is no obligation on the part of the Industrial Commission to seek out and present matters in derogation of compensation, *the Commission's obligation being to impartially inquire into all of the facts, both favorable and unfavorable.*" (Emphasis added.) 2 Ariz.App. at 525, 410 P.2d at 147.

It is our opinion that an impartial investigation by the Commission is especially relevant in relation to medical evidence. The average injured workman does not have the means to secure independent medical evidence. We are not here considering a petition to reopen, that is, we are not considering a petition seeking to reopen a claim where the award has become final.

■ A.R.S. § 23–908, subsec. E authorizes the employer to designate a physician. See also Rule 57. Rule 55(a) authorizes the Commission to designate doctors to examine the injured workman. When the Commission has designated a physician, Rule 56 prohibits the workman from consulting another physician without the authority of the Commission. See also Rule 59(b). Rules 58 and 59(a) impose penalties upon the workman who failed to cooperate with the doctors chosen by the Commission. We find no authority granted to an injured workman which would enable him, even if he had the financial means to afford it, to select and convene a medical consultation group.

The petitioner urges that an application of the cases of Smith v. the Industrial Commission of Arizona, 5 Ariz.App. 331, 426 P.2d 667 (1967) and Norris v. Industrial Commission of Arizona, 11 Ariz. App. 50, 461 P.2d 694 (1970), requires that the award now under consideration be set aside. We do not agree.

In the Smith case by reason of language barriers the early medical diagnosis and care of the injured workman were inadequate. A later physician conferred with the injured workman through an interpreter and made an affirmative recommendation for electromyography. The doctor testified that this study was necessary to ascertain and pinpoint the presence of injury. No such study was made. This Court held that it was an abuse of discretion to fail to follow the recommendation of the second doctor.

In the Norris case this Court set aside an award where the record clearly indicated the need for further evaluation and treatment.

■ In the case now before us we find from an overall review of the medical evidence that the file contains medical opinions which reasonably support the conclusion reached by the Commission to the ef-

fect that as of the date of the award now under review the petitioner was not experiencing a physical functional impairment which bore a causal relationship to the industrial injury. The file does not show an abuse of discretion on the part of the Commission in failing to convene a medical consultation board. Under these circumstances the Commission was entitled to conclude that the evidence did not preponderate in favor of the petitioner or, to say it another way, that he had not borne his burden of proof.

The award is affirmed.

CASE, J., and ROGER G. STRAND, Judge of the Superior Court, concur.

NOTE: The Honorable FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of the matter, The Honorable ROGER G. STRAND, a Judge of the Superior Court was called to sit in his stead.