488 P.2d 490

FIDELITY & CASUALTY CO. OF NEW YORK, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Herman L. Burkhead, Respondent Employee.

No. 1 CA–IC 598.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 8, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Oct. 27, 1971.

Murphy, Vinson & Hazlett, by Carl E. Hazlett, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Knez & Glatz, by Richard D. Crites, Tucson, for respondent employee.

JACOBSON, Presiding Judge.

In this heart attack case, the Industrial Commission found that the employee's myocardial infarction arose out of the course of his employment and the employer's insurance carrier has appealed by writ of certiorari.

On July 13, 1969, the respondent-employee, Herman L. Burkhead, was employed by Holsom Bakery, Inc., as a truck driver. Mr. Burkhead's duties consisted of driving an empty (except for empty bread racks and skids) semi-truck-trailer to Phoenix, Arizona, where he assisted in unloading these empty bread racks. He then assisted in loading the truck and trailer with full bread racks, driving to Coolidge, Arizona, assisted in unloading several full bread racks and loading empty racks in Coolidge, and then driving to Tucson where he assisted in the complete unloading process. The bread racks when empty weigh between 500 to 600 pounds and when loaded with bread weigh between 1,000 and 1,100 pounds.

On July 13, 1969, Mr. Burkhead reported to work in Tucson at approximately noon. At the time he reported to work he felt good and was suffering no discomfort. He drove the semi-truck-trailer to Phoenix and assisted in the unloading of the empty bread racks. While assisting in the loading of the full racks, he experienced a sharp pain across his chest, his arms became heavy and he broke out in a cold sweat. After resting in the air-conditioned office in Phoenix, the pain, heaviness and sweatiness diappeared and he felt good. Mr. Burkhead then drove to Coolidge and was assisting in the loading of empty racks when he again experienced the pain in his chest, heaviness of arms and sweating. After again resting, these symptoms subsided, although he felt tired and below par. Mr. Burkhead then proceeded to Tucson and assisted in unloading the full racks of bread when again a slight pain developed but was not of sufficient severity to require him stopping work. He completed his work at approximately 10 p. m. and

feeling very tired went home and immediately went to bed.

As soon as he lay down he suffered a severe pain in his chest and was unable to breathe. He was rushed to a hospital where his condition was diagnosed as an acute myocardial infarction. Mr. Burkhead had no previous history of heart trouble. Following an initial denial of liability by the insurance carrier, a hearing was held at which only one medical expert testified as to the causal connection between the myocardial infarction and the employee's employment.

Following a determination by the Industrial Commission that the hearing officer's finding that Mr. Burkhead's heart attack was compensable was supported by the evidence, this appeal by the insurance carrier followed.

Petitioner urges three contentions before this court:

(1) That the employee failed to sustain his burden of proving that his heart attack was work related;

(2) That the employee by continuing to work after experiencing symptoms of heart failure removed himself from the course of employment; and

(3) That the referee abused his discretion in refusing a continuance of the hearing in order to obtain copies of prior hospital records of the employee.

■ As to the first contention, we need only point to the only medical testimony at the hearing which indicated to a medical certainty that Mr. Burkhead's work-related activities were one of the causes of the myocardial infarction and his continuance of these activities aggravated his condition. While we have had occasion to question the *sole* reliance by courts on medical testimony establishing the causal connection between work activities and heart attacks,[1] this is the present criterion in Arizona. Jones v. Industrial

Commission, 81 Ariz. 352, 306 P.2d 277 (1957). Under this legal evidentiary theory, the Commission could come to no other conclusion than that reached based upon the medical causation testimony presented, that is, Mr. Burkhead's heart attack arose out of his employment.

■ The petitioner's second contention is based on the dicta recognition in Carson v. Industrial Commission, 7 Ariz.App. 372, 439 P.2d 535 (1968), of the defense of removal from course and scope of employment of an employee who, having knowledge of his illness, by his own choice continues the activity and aggravates his condition. As in *Carson,* we are of the opinion that such a defense, if it exists, is not applicable under the facts presented. Here, there is no evidence that Mr. Burkhead had any previous history of heart trouble or disease, nor is there any evidence that Mr. Burkhead recognized the symptoms from which he was suffering as the beginning of a myocardial infarction.

■ Petitioner's last contention is based upon the failure of the referee to grant a continuance. As previously indicated, only one medical expert testified. During examination of this witness it was disclosed that Mr. Burkhead had had an electrocardiogram taken in 1966 and again in 1968. The doctor indicated that he had reviewed these electrocardiograms and both were normal. In addition, Mr. Burkhead had been hospitalized in 1968 for a stomach inflammation problem which was unconnected with his heart trouble. Petitioner's counsel made the following request: "The request is that the hearing not be terminated at this time; that I be given ample opportunity to subpoena the St. Mary's Hospital records from 1966 to the present, and perhaps have a chance to go over them with either Dr. Garcia or a doctor of our choosing." While the doctor testified that he had relied upon these items in helping to treat his patient, there is no indication that he relied thereon for

---

1. See Stott's v. Industrial Commission, 15 Ariz.App. 285, 488 P.2d 490 (1971).

his opinion that Mr. Burkhead's heart attack was work related.

Moreover, there is nothing from counsel's statement to the hearing officer concerning these records which would indicate that their production would in any manner further the truth-finding process. On the contrary, Dr. Garcia had informed counsel of the results of the prior electrocardiograms and that his prior hospitalization was entirely unrelated to his heart problem. If, in fact, counsel wished to have these records reviewed by another doctor he should have done so prior to this hearing. "Where a party does not act with diligence to elicit the truth, he may properly be denied the opportunity later." Midland-Ross Corporation v. Industrial Commission, 107 Ariz. 311, 486 P.2d 793 (Filed July 15, 1971.) Under these circumstances we hold the hearing officer did not abuse his discretion in denying the continuance request. Walker v. Industrial Commission, 12 Ariz.App. 400, 470 P.2d 720 (1970).

For the foregoing reasons the award of the Industrial Commission is affirmed.

HAIRE and EUBANK, JJ., concur.