489 P.2d 1255

James H. MASSINGILL, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

The Ashton Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 536.

Court of Appeals of Arizona, Division 1.

Oct. 27, 1971.

Rehearing Denied Nov. 18, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondents employer and carrier.

HATHAWAY, Judge.

On March 8, 1966, the petitioner who was then 57 years old, twisted and injured his right hip while operating a tractor shovel loader. (The petitioner had previously injured his back in another industrial accident on February 18, 1963). The condition was diagnosed as a sacroiliac sprain with dislocation and on June 7, 1966, Findings and Award for Compensable Claim was issued by the Industrial Commission.*

On November 25, 1966, petitioner was examined by Dr. Lichwa who indicated that his complaints were of a functional nature, that there was no evidence of nerve root pressure or musculoskeletal problem, and that no active treatment was needed. On April 24, 1967, a Group Consultation, consisting of four doctors, concluded that petitioner should have a psychiatric examination and therefore on May 24, 1967, Dr. Treptow, a psychiatrist, examined him and found that he had no conversion reaction.

In January 1967, the petitioner suffered a heart attack.

On April 1, 1968, a Medical Advisory Board was convened for the purpose of determining petitioner's condition. This Board consisted of two orthopedic surgeons, one neurosurgeon, one internist and one psychiatrist. It found that petitioner's condition was stationary as it related to the 1966 injury, and that there was no evidence of permanent impairment of functions related to that industrial accident. The Commission's finding of temporary disability was timely protested, and after hearings thereon, the Commission issued its Decision Upon Hearing and Findings and Award for Temporary Disability which is challenged in this certiorari proceeding.

■ Petitioner attacks the sufficiency of the evidentiary support for the Award, and contends that the 1966 injury aggravated the 1963 injury, thus causing permanent disability, and that the 1966 injury caused the heart attack and mental disability.

It is well established that when the results of an industrial accident cannot be clearly seen by a layman, the question of physical disability or impairment can be resolved only through the use of expert medical testimony. Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967). Petitioner contends that he has a permanent disability but the medical evidence is to the contrary. The Medical Advisory Board made specific findings as to both the 1963 and 1966 accident, namely that the petitioner's condition was stationary and there was no evidence of any permanent impairment of function related to either accident.

Dr. Tanz, an orthopedic specialist who had been on the Medical Advisory Board, testified at the hearing:

"Q. * * * from an objective standpoint, did you find any evidence of

---

* This case was decided under the law as it existed prior to January 1, 1969.

functional impairment related to the injury of 1963 or '66?

A. No.

Q. And can you say that as a reasonable medical probability?

A. Yes.

\*    \*    \*    \*    \*    \*

Q. And you found no objective evidence that there was any functional impairment causally related to the accident of 1963 and 1966?

A. That is right."

As to petitioner's claim that the 1966 injury caused his subsequent heart attack in 1967 and a conversion reaction, we find that the medical testimony is to the contrary. No useful purpose would be served by repeating the details of such testimony which is set forth in the case of Massingill v. Industrial Commission, 15 Ariz.App. 550, 489 P.2d 1252 (1971), wherein the same contentions were advanced with respect to the 1963 injury. Suffice it to say that the substance of the medical opinions was that there was no relationship between the 1966 accident and the 1967 heart attack and that petitioner was not suffering from any mental illness.[1]

The role of this court in reviewing an Industrial Commission award is circumscribed by the rule that we defer to its findings when reasonably supported by the evidence. Brewer v. Industrial Commission, 9 Ariz.App. 319, 451 P.2d 897 (1969). The record reflects the requisite evidentiary support and therefore the award is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

1. We have recently pointed out the problem in the industrial heart attack area, noting that definitive legislation might serve a salutary purpose in reducing the existing chaos. See Stotts v. Industrial Commission, 15 Ariz.App. 290, 488 P.2d 495 (filed September 7, 1971); Fidelity &

Casualty Co. v. Industrial Commission, 15 Ariz.App. 285, 488 P.2d 490 (filed September 8, 1971); Employers Mutual Liability Ins. Co. v. Industrial Commission, 15 Ariz.App. 288, 488 P.2d 493 (filed September 8, 1971).