510 P.2d 756

**Floyd L. SCOGGINS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Waste Control of Arizona, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 774.**

Court of Appeals of Arizona, Division 1, Department B.

June 5, 1973.

Rehearing Denied July 3, 1973.

Review Denied Sept. 18, 1973.

Kelly and Corbin by Robert K. Corbin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for respondents carrier and employer.

JACOBSON, Chief Judge.

This appeal by way of writ of certiorari from an award of the Industrial Commission requires a determination as to whether certain evidence which tends to support the award properly came into evidence, and if so whether the award is reasonably supported by the evidence.

On December 20, 1968, the petitioner, a 45 year-old workman who had been employed as a truck driver and trash handler for some fifteen years, suffered a myocardial infarction while engaged in the duties of his employment with the respondent employer. On the date of his injury, petitioner had completed all but eight of his regular stops when he arrived at Diamond's department store in Thomas Mall in Phoenix. At Diamond's petitioner and his crew had to wait some 30 minutes before the night watchman opened the gate to the premises. Petitioner's two helpers

brought the boxes of trash to him, and he dumped the trash into the truck and replaced the empty containers onto the loading dock where they would be refilled again. Petitioner had been working for approximately 30 to 40 minutes at this activity when he felt a sharp pain in his chest. He immediately stopped working and was taken to a hospital by his supervisor.

Following the setting aside by this court of an initial award of the Industrial Commission finding a non-compensable claim, Scoggins v. Industrial Commission, 14 Ariz.App. 233, 482 P.2d 482 (1971), the Commission entered an award for a compensable claim. This award was timely protested by the respondent State Compensation Fund, and the Industrial Commission thereafter scheduled a hearing on October 6, 1971. Following this hearing, the Commission set aside its award and entered a second award finding that petitioner's injury was not causally connected to his employment. This appeal followed.

At the October 6, 1971, hearing the only witness to appear and testify was Dr. Allen I. Cohen, who had examined the petitioner on July 28, 1971, and had submitted a report of that examination to the Industrial Commission on August 3, 1971. Dr. Cohen's medical specialty was cardiovascular diseases.

The petitioner challenges Dr. Cohen's testimony on the grounds that a proper foundation was not laid for its admission and, further, that this testimony did not form a sufficient basis to set aside the previous award of the Commission favorable to the petitioner.

Petitioner's foundational attack on Dr. Cohen's testimony is his alleged failure to testify as to the history given to him by the petitioner and as to the extent of the doctor's examination.

We are of the opinion, however, that the record reflects a proper foundation for Dr. Cohen's testimony. The record shows the following examination of Dr. Cohen:

"Q. In the course of your professional practice have you had occasion to

examine for cardiac evaluation one Floyd Scoggins?

"A. Yes, sir.

"Q. When did you examine him?

"A. July 28, 1971.

"Q. What was the purpose of that examination? Do you have anything in your notes that indicates?

"THE HEARING OFFICER: Off the record. (Discussion off the record)

"THE HEARING OFFICER: Let the record show that Mr. Corbin has been handed a copy of Dr. Cohen's report.

"THE WITNESS: I don't see the specific questions; I would imagine it was to evaluate the patient's clinical condition, and specifically the significance of those circumstances surrounding his infarction, subsequent course and his ability to resume some form of gainful employment.

"Q. Did you have available to you at the time the State Fund's medical file containing all the medical information regarding Mr. Scoggins?

"A. Yes, sir.

"Q. Do you recall, did the medical file contain the investigator's statement, the interview he had with Mr. Scoggins relating to the activity he had been engaged in immediately preceding this incident?

"A. I don't recall that specific document, but I do remember there was considerable time devoted to those responsibilities, and I myself did question the applicant about that.

"Q. Then you took a history from the applicant himself?

"A. Yes.

"Q. Did you perform a physical examination at that time?

"A. Yes, sir.

\*  \*  \*  \*  \*  \*

"Q. You have as a result of that examination under date of July 30th, 1971 dictated a report, dictated and signed a report and submitted that to the State Compensation Fund, have you not?

"A. Yes.

\*  \*  \*  \*  \*  \*

"Q. Doctor, I show you a copy of the investigation report taken by Dixie Johnson, and this is a report he made interrogating Mr. Floyd Scoggins concerning the events which occurred to him on the date he suffered his infarction. Do you recall having seen that?

"A. Yes, I recall this document.

\*  \*  \*  \*  \*  \*

"Q. Does this document set forth what the claimant told you of his history of this incident?

"A. Well, what we would elicit as a history is sometimes different from what is contained in these investigator's reports, since the medical history is sometimes different than the legal history.

"Q. I'm speaking of the nonmedical facts, however, that are important in a determination of whether or not an infarction is related to an industrial episode. I might ask you this, you had this information and had seen this, and in addition to this information that you read you also obtained the history from Mr. Scoggins, is that correct?

"A. That is right."

■ The record shows that Dr. Cohen undertook a physical examination of the petitioner for cardiac evaluation "to evaluate the [petitioner's] clinical condition, and specifically the significance of those circumstances surrounding his infarction, subsequent course and his ability to resume some form of gainful employment," that the doctor had reviewed the medical file of the petitioner, and that he was aware of

both the medical and nonmedical facts of the petitioner's case.

In addition, the doctor's report of his examination was part of the record, and this report elucidates on both the history taken by Dr. Cohen and on his examination of the petitioner. A copy of this report was given to petitioner's counsel at the hearing prior to Dr. Cohen's forthcoming testimony.

Under this record we cannot say that a proper foundation was not laid for Dr. Cohen's opinion testimony. Williams v. Industrial Commission, 15 Ariz.App. 151, 486 P.2d 831 (1971); Hoffman v. Industrial Commission, 14 Ariz.App. 244, 482 P.2d 493 (1971).

█ Turning to the petitioner's further challenge to Dr. Cohen's testimony, we are of the opinion that this expert evidence was sufficient to justify the Commission's entering an award adverse to the petitioner.

The record illustrates Dr. Cohen's medical opinion:

"A.  My opinion is that the responsibilities of his employment did not relate to the myocardial infarction with any degree of medical probability.

"Q.  Did they in any way contribute or accelerate his myocardial infarction?

"A.  I believe not.

"Q.  And is this to a reasonable degree of medical probability also?

"A.  Yes."

        *       *       *       *       *       *

"THE WITNESS: In this particular problem myocardial infarction is almost universally based on a preexisting coronary disease.

"Q.  Did you form an opinion whether or not this was the case with Mr. Scoggins?

"A.  Yes.

"Q.  And did the activity of his employment in any way aggravate this condition?

"A.  There was no scientific evidence that the activities of employment in general is an etiologic factor in the genesis of coronary artery disease."

And finally:

"Q.  Just one question, Doctor. I give. you as a fact that Dr. Richter testified that it was not probable that the work activity accelerated Mr. Scoggins' myocardial infarction. Would you agree with that?

"A.  Yes."

█ Dr. Cohen's report of the July 28, 1971 examination of the petitioner contains a detailed analysis of the petitioner's physical condition and substantiates the above stated opinions. This report is part of the medical claims file of the petitioner, and is properly in evidence. Williams v. Industrial Commission, *supra*; Hoffman v. Industrial Commission, *supra*.

Considering both the record of the formal hearing and Dr. Cohen's report, we are of the opinion that the evidence reasonably supports the Industrial Commission's award. *See,* Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Montano v. Industrial Commission, 18 Ariz.App. 58, 500 P.2d 318 (1972); Raymer v. Industrial Commission, 18 Ariz.App. 184, 501 P.2d 25 (1972).

In his reply brief petitioner contends that Dr. Cohen's report of the July 28, 1971 examination should be stricken from the evidence because of the respondents' alleged failure to furnish petitioner with a copy of the medical report prior to the October 6, 1971 hearing in violation of Rule 47, Rules of Procedure before The Industrial Commission.[1]

1.  For the purpose of this opinion we assume that Rule 47 was the applicable rule in effect at the time the hearing was held and not old Rule 29, Rules of Procedure before The Industrial Commission. Rule 47 provides that, "If medical reports sought to be relied upon by any or all of the parties are not contained

**130**

Although respondents may not have complied with the express command of Rule 47, the record shows "[t]hat Mr. Corbin [petitioner's counsel] has been handed a copy of Dr. Cohen's report" prior to Dr. Cohen testifying at the hearing. The petitioner cannot argue that "[t]he first knowledge of this report was in Respondents' answering brief."

When given the report petitioner did not object either to its introduction into evidence or to its content nor did petitioner request a continuance when first confronted with Dr. Cohen's report. Under such circumstances we deem compliance with Rule 47 was waived. *See,* Bingham v. Industrial Commission, 14 Ariz.App. 369, 483 P.2d 601 (1971).

For the foregoing reasons, the award of the Industrial Commission is affirmed.

EUBANK, P. J., and HAIRE, J., concur.

in the Commission's claim file, the same shall be submitted at least twenty-five (25) days prior to the date of any scheduled hearing, and copies shall be provided to all other interested parties. Any report not so submitted shall not be received in evidence. If such report has been placed in the claims file, it shall be removed and returned to the party submitting it. The effect of this rule may be suspended in the sound discretion of the presiding hearing officer."