513 P.2d 946

Jerry BEINER, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

Anaconda Mine, Respondent Employer,

Travelers Insurance Company,
Respondent Carrier.

No. 1 CA–IC 792.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 13, 1973.

Rehearing Denied Oct. 30, 1973.

Review Denied Nov. 20, 1973.

Rabinovitz & Minker by Bernard I. Rabinovitz, and James S. Dix, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Chandler, Tullar, Udall & Richmond by William J. Augustine, Tucson, for respondent employer and respondent carrier.

## OPINION

DONOFRIO, Presiding Judge.

This appeal is before us by writ of certiorari to review the lawfulness of certain findings by The Industrial Commission of Arizona, determining that petitioner, Jerry Beiner, had sustained a temporary aggravation of a preexisting condition as a result of an industrial accident and was thus entitled to only temporary benefits, and that his industrial injury had become medically stationary in September 1971, and remained stationary thereafter. It is his position here that he had sustained a permanent disability and that he established a continuing need for medical treatment.

On February 23, 1972, The Industrial Commission of Arizona, acting on petition-

er's request for review in this case, issued its decision upon review affirming the hearing officer's Decision Upon Hearing and Findings and Award for Compensable Claim and Temporary Disability Benefits. This appeal followed.

The facts of this case, taken in a light most favorable to sustaining the award, are as follows. Petitioner was employed as a warehouseman with the respondent employer from September 15, 1969 to February 3, 1970. He was then trained as a heavy equipment operator and worked in an open-pit mine operated by the respondent employer for a period of three days, February 6th, 10th and 11th, when he sustained an industrial injury to his right knee. That injury is the subject of a separate claim. Petitioner returned to work February 13, 1970, but could not continue because of his knee condition. While undergoing treatment for his knee, he was examined on April 2, 1970, and found to be suffering from chronic bronchitis, which was totally disabling. At this time his knee condition was not disabling.

Prior to being employed by the respondent employer, studies of petitioner's chest in 1968 revealed prominence of lung markings and hilar structures bilaterally, which were similar in appearance to those noted in studies made in March 1970. It was determined that he had a lung condition prior to working for the respondent employer, which condition was not then symptomatic.

The testimony adduced at the hearing was to the effect that the petitioner had smoked approximately two packs of cigarettes a day almost up to the time of the hearing. Among the hearing officer's findings, not challenged by petitioner, was that petitioner was exposed to harmful quantities of dust while in the course and scope of his employment and that "the applicant's industrial activity contributed to the aggravation of applicant's preexisting condition."

The only medical evidence was provided by Dr. Thomas Foreman, a specialist in chest and pulmonary diseases, who stated that he last examined petitioner in September 1971. With regard to the issue of whether or not the condition had become medically stationary, Dr. Foreman testified as follows:

"Q. Is Mr. Beiner in need of further treatment from you?

"A. If he does what he is suppose [sic] to do and doesn't smoke and stays out of the dusty environment as far as I am concerned *all he needs is an annual evaluation. That is to make sure that the situation is stable and certainly no more than any other person with a chronic low grade illness would need.*

"Q. Have you discharged him from treatment?

"A. I have asked him to return for an annual. He was supposed to in six months.

"Q. When is that six months from? From September?

"A. Yes, six months from September which would be March." (emphasis added)

It appears from Dr. Foreman's testimony that petitioner's condition is medically stable, that he needs no future treatment, and that he is discharged from treatment. Not even supportive treatment is indicated in the reference by Dr. Foreman to the annual evaluation.

■ We find reasonable evidence to support the hearing officer's finding that petitioner's condition became medically stationary in September 1971.

Petitioner takes issue with the following findings of the hearing officer:

"That the only expert medical evidence, touching on the problem of the applicant's disability and its causal relationship to the applicant's industrial activity as to whether there was a permanent or temporary aggravation of the applicant's chronic bronchitis as a result of his industrial activity, is impregnated with uncertainty and, as a whole, is susceptible to different interpretations. Therefore,

**410**

the Commission cannot be required to find that the applicant suffered a permanent aggravation. Helmericks v. Airesearch Mfg. Co., 88 Ariz. 413, 357 P.2d 152 (1960)." [Finding No. 14]

"That the applicant has sustained no permanent physical or mental disability as a result of said industrial accident and is, therefore, not entitled to any permanent disability benefits." [Finding No. 15]

Counsel for all the parties have excerpted substantial sections of the transcript of record dealing with Dr. Foreman's testimony, all of which is arguably in support of their respective positions dealing with whether there has been permanent or temporary aggravation of petitioner's preexisting condition. We will not set forth in this opinion all the testimony that arguably supports each side. Suffice it to say that in reviewing the medical testimony in this case as a whole, we find that the hearing officer could reasonably find that the medical evidence dealing with petitioner's position with regard to the aforestated question was indeed equivocal.

Lastly, petitioner makes the assertion that the hearing officer improperly questioned Dr. Foreman, and thus prevented petitioner from obtaining a fair and impartial determination of the issues. Petitioner takes issue with the hearing officer's propounding questions to the medical expert after both sides had concluded their questioning. He argues that such questions only served to create confusion rather than clarify any points.

In reviewing the record we find that the hearing officer asked his questions in a spirit of clarifying the somewhat legally confusing testimony of Dr. Foreman. It should also be noted that no objection to such questioning was made by petitioner during the hearing.

The hearing officer's primary responsibility is a search for the truth. That entails making inquiries into all the facts of a case, both favorable and unfavorable to petitioner. Williams v. Industrial Commission, 15 Ariz.App. 151, 486 P.2d 831 (1971). We find the hearing officer's questioning in the instant case proper.

The findings and award of the Commission in this case are reasonably supported by the evidence. The award is therefore affirmed.

OGG and STEVENS, JJ., concur.