600 P.2d 1117

**E. S. KELTON CONTRACTING COMPANY, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Darrow De La Huerta, Respondent Employee.**

**No. 1 CA–IC 2027.**

Court of Appeals of Arizona, Division 1, Department C.

June 14, 1979.

Rehearing Denied Aug. 9, 1979.

Review Denied Sept. 18, 1979.

Robert K. Park, Chief Counsel, State Compensation Fund by John R. Greer, Phoenix, for petitioner employer and petitioner carrier.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Spencer K. Johnston, Phoenix, for respondent employee.

HAIRE, Judge.

On this review of an award entered by the Commission's hearing officer establishing the respondent claimant's loss of earn-

ing capacity, the carrier raises the following questions:

"I

"IS THE HEARING OFFICER JUSTIFIED IN DENYING A CONTINUANCE (FURTHER HEARING) WHERE THE MOTION THEREON IS BASED UPON AN ACUTE ILLNESS OF A MATERIAL WITNESS, AND WHERE THE DENIAL IS FOUNDED SOLELY UPON THE REASON THAT NO SUBPOENA HAS BEEN THERETOFORE REQUESTED FOR THAT WITNESS'S ATTENDANCE UNDER RULE 41?

"II

"MAY A HEARING OFFICER IGNORE UNCONTRADICTED MEDICAL TESTIMONY REFLECTING THAT APPLICANT SUFFERED A SEVERE OSTEOARTHRITIC CONDITION WHICH WAS RESPONSIBLE FOR MUCH OF HIS PHYSICAL LIMITATIONS WHERE THERE WAS NO MEDICAL TESTIMONY UPON WHICH TO CONCLUDE THAT THAT CONDITION HAS BEEN INCREASED, PRECIPITATED, WORSENED, OR AGGRAVATED BY THE INDUSTRIAL INJURY?"

Since in our opinion the hearing officer abused his discretion in denying the continuance and for that reason the award must be set aside, we need not consider the carrier's second question.

The first of two hearings relating to the establishment of the claimant's loss of earning capacity was held on January 19, 1978. The carrier's expert employment witness, Mr. Willey, attended that hearing and was prepared to testify but did not do so because the claimant had not then rested his case. At the conclusion of the first hearing, the hearing officer adjourned the matter as follows:

" . . . There will be a need for an additional hearing, and it's my understanding you will advise Julie Schwartz [claimant's expert employment witness] of the time and place of that hearing, is that correct?

"MR. JOHNSTON [claimant's counsel]: That's correct, sir.

"THE HEARING OFFICER: So it will not be necessary to send her a further subpoena. And, Mr. Greer [carrier's counsel], I assume you'll do the same with you and your employment expert [Mr. Willey]?

"MR. GREER: Yes.

"THE HEARING OFFICER: Okay. You will be so advised of the further time.

"This hearing is adjourned subject to a further hearing as was previously suggested that may include more than just the two employment experts."

The second hearing was scheduled for 1:30 p. m., March 6, 1978. At the end of the second hearing the carrier's counsel moved to continue the matter for a further hearing for the testimony of its expert employment witness, Mr. Willey, on the grounds that he had called in sick that morning; could not be contacted and could not appear; and that his testimony was critical. The hearing officer was advised in detail as to the extent of the proposed testimony from witness Willey, clearly showing its materiality and the prejudice that would result to the carrier were such testimony not allowed.

The hearing officer took the motion under advisement, and the next day by letter notified the parties of his ruling, as follows:

"This is to advise that the motion made by Mr. John R. Greer at the hearing held in this matter on March 6, 1977 [sic-1978] to have an additional hearing for the purpose of taking the testimony of Mr. Bill Willey is hereby denied in view of the fact that a subpoena was never requested for the appearance of Mr. Willey in accordance with *Rule 41, R.Proc. I.C.A.* (R.4–13–141). The matter is deemed submitted."

Ten days later the hearing officer issued his decision establishing the loss of earning capacity award that is the subject of this review.

■ We note that the sole basis stated by the hearing officer for refusing to grant a continuance was the fact that the carrier had failed to request a subpoena for Mr. Willey under Rule 41, Rules of Procedure for Workmen's Compensation Hearings Before the Industrial Commission of Arizona (A.C.R.R. R4–13–141).[1] A review of the provisions of Rule 41 does not reveal any requirement that a subpoena be requested for all witnesses that a party might contemplate using at a workmen's compensation hearing. The purpose of Rule 41 is to *compel* the attendance of a witness who otherwise would not voluntarily appear. Of course, one of the risks taken by a party who does not request the issuance of a subpoena for a witness is that the witness might voluntarily decide that he has other more important things to do and thus not attend the hearing. Under such circumstances, a hearing officer might well exercise his discretion so as to deny the party's request for a continuance or further hearing, since if a subpoena had been issued, the presumption would be that the witness would have obeyed the subpoena and no further hearings would have been necessary. On the other hand, a party not requesting a subpoena does not take the absolute risk that his witness might fail to attend because of illness, particularly when the witness is a representative and employee of that party, as Mr. Willey was in this case. Under such circumstances the failure to attend would occur regardless of whether a subpoena had been issued. As stated by the carrier in its brief, "In short, service of a subpoena doesn't make an ill witness well."

■ Under the provisions of A.R.S. § 23–941 F, the hearing officer is not bound by the technical rules that normally govern

judicial proceedings. Nevertheless, he must conduct the proceedings in such a manner that will achieve "substantial justice". Substantial justice is not achieved when the principal witness of a party is prevented from testifying under the circumstances presented here.

■ We note that the hearing officer did not base, and could not have properly based, his denial of a continuance upon any alleged failure of the carrier to comply with the provisions of Rule 56(b), R.Proc. I.C.A. (A.C. R.R. R4–13–156(b)). Here, in compliance with the provisions of Rule 56(b), the carrier specified in detail the nature and substance of the evidence desired to be produced through witness Willey; the hearing officer was clearly told of the reason why the carrier could not produce the witness at the hearing; the evidence was not cumulative, since the carrier had no other expert employment evidence to present; and, without question the evidence was crucial and material to the primary issue in this loss of earning capacity proceeding. Under all the circumstances, we hold that the hearing officer abused his discretion in denying the requested further hearing, and the award must therefore be set aside. *See Glover v. Industrial Commission,* 17 Ariz.App. 454, 498 P.2d 528 (1972); *Sanchez v. Industrial Commission,* 13 Ariz.App. 82, 474 P.2d 441 (1970).

In its answering brief the respondent claimant urges that the carrier was dilatory and did not submit medical evidence proving that the witness was actually ill until it filed its request for review.[2] Had the hearing officer's ruling in his letter of March 7, 1978, been based on, or in any way indicated that the hearing officer was concerned that

1. Mr. Willey was not a "surprise" witness. As indicated, he was present at the prior hearing, and the transcript reflects that his prospective appearance at the second hearing was known to the hearing officer and the parties.

2. At the time of the hearing and request for continuance, although the carrier's counsel did not have personal knowledge and thus could not swear as to the witness's illness, he advised the hearing officer that at approximately 11:00

a. m. that morning he had attempted to call Mr. Willey at his extension on the State Compensation Fund phone system, and was told by Mr. Willey's secretary that he had called in sick that morning and could not appear. The hearing was duly scheduled on Mr. Willey's office calendar. The subsequent medical evidence indicates that the illness was of five days duration, commencing on the date of the hearing.

Mr. Willey was not in fact ill, this contention might have had some merit, and counsel's failure to immediately submit proof of illness under such circumstances might have justified denial of a continuance. However, the ruling was based solely on the failure to request a subpoena, and the carrier thus had no reason to believe that the hearing officer harbored any doubt as to the actual illness of the witness.

The award is set aside.

EUBANK, P. J., Department C, and FROEB, J., concur.